## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Curtis Doupe and Doupe Services, LLC d/b/a Curtis Air Taxi<br><br>v.<br><br>Federal Aviation Administration | Case No. 22-CV-3076 |

## COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiffs, Curtis Doupe and Doupe Services, LLC d/b/a Curtis Air Taxi ("Plaintiff"), seek injunctive, declaratory, and other appropriate relief for the processing and release of agency records requested by Plaintiff from Defendant, Federal Aviation Administration ("FAA").

2.      Specifically, Plaintiff, via its counsel, previously has requested records in the custody, possession or control of FAA pertaining to:

a.      Communications between Elliott Black – at the relevant time FAA's Director of Airport Policy – and the Town of East Hampton, New York, related to other airports that supposedly had transitioned from public-use to private-use, along with documents regarding specific airports identified in that correspondence.

1

b.      Agreements entered into by FAA and the Town of East Hampton, New York related to the nominal closure of East Hampton Airport (HTO) and the opening of a "new" airport at the same location, East Hampton Town Airport (JPX).

c.      The application to, approval by, and associated documents in the possession of FAA regarding new privately-developed instrument procedures for East Hampton Town Airport (JPX).

d.      Correspondence between FAA and the Town of East Hampton, New York regarding the potential closure of the East Hampton Town Airport (JPX).

e.      Correspondence between FAA and the Town of East Hampton, New York regarding the nominal closure of East Hampton Airport (HTO).

3.      These records pertain to a significant issue that is currently being litigated in state and federal courts, as well as in an FAA administrative proceeding – namely whether the Town of East Hampton, New York can nominally close a public-use airport it owns and operates (East Hampton Airport (HTO)) and open a "new" airport at the same location (East Hampton Town Airport (JPX)) that would be private-use and not subject to the same legal obligations as the "old" airport, including but limited to 49 U.S.C. §§ 47524, 40103(e), and 47133(a).[1]

---

[1] *See, e.g., East End Hangars, Inc., et al. v. Town of East Hampton*, Suffolk County Supreme Court No. 602799/2022; *Coalition to Keep East Hampton Airport Open, et al. v. Town of East Hampton*, Suffolk County Supreme Court No. 602801/2022, *Blade Air Mobility, Inc., et al. v. Town of East Hampton*, Suffolk County Supreme *(continued…)*

2

4.    FAA's has failed to respond to these requests as required by FOIA, which has interfered with the ability of Plaintiff and other parties to pursue claims involving the airport. For example, Plaintiff is one of the Complainants in an FAA administrative proceeding (*see supra* footnote 1), in which an initial decision by FAA is currently due on December 27, 2022, pursuant to 14 C.F.R. § 16.31(a).

## Jurisdiction and Venue

5.    This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

6.    Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## Parties

7.    Curtis Doupe is and individual and the principal of Doupe Services, LLC d/b/a Curtis Air Taxi, which itself is a limited liability company organized under the laws of Florida that is registered to do business in New York State and which conducted business at the East Hampton Airport (HTO), and continues to conduct business at the facility as renamed, the East Hampton Town Airport (JPX).

---

Court No. 602802/2022; *National Business Aviation Association, Inc. v. Town of East Hampton, New York*, E.D.N.Y. No. 22-CV-2824; *Curtis Doupe and Doupe Services, LLC v. FAA*, D.C. Cir. No. 22-1136; *Doupe Services, LLC and Jobs Lane Aviation, LLC v. Town of East Hampton, New York,* FAA Docket No. 16-22-05.

8.     FAA is a federal agency within the meaning of FOIA, 5 U.S.C §§ 551(1), 552, with its headquarters in the District of Columbia. FAA has possession or control of the records that KMAZ seeks in this action. FAA is responsible for applying and implementing FOIA in connection with the requests that are at issue in this Complaint.

## Statutory and Regulatory Framework

9.     FOIA requires federal agencies, upon request, to make records "promptly available" to the public. 5 U.S.C. § 552(a)(3)(A).

10.    An agency must determine whether to comply with a FOIA request within twenty business days and "shall immediately notify the person making such request of such determination and the reasons therefore." 5 U.S.C. § 552(a)(6)(A)(i); 15 C.F.R. § 4.6(b).

11.    The twenty-day deadline for an agency to determine whether to comply with a FOIA request "shall commence on the date on which the request is first received by the appropriate component of the agency, but in any event not later than ten days after the request is first received by any component of the agency." 5 U.S.C. § 552 (a)(6)(A)(ii). If an agency does not respond to a FOIA request by the statutory deadline, the request "shall be deemed to have exhausted [their] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(a)(6)(C)(i).

4

12.     The "burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B).

13.     "There is a provision that allows an agency to extend the applicable time limits by providing written notice to the person making the request, 'setting forth the reasons for such extension and the date on which a determination is expected to be dispatched,' 5 U.S.C. § 552(a)(6)(B), but such extensions only are permissible in unusual circumstances and for not more than ten working days." *Marschner v. Department of State*, 470 F. Supp. 196, 199 (D.Conn. 1979).

14.     "FOIA was intended by Congress to enable individuals to inform themselves of their government's activities, and the time provisions of the Act are central to its purpose. When Congress amended the Act in 1974, one of its primary objectives was to "expedite the handling of requests from Federal agencies in order to contribute to the fuller and faster release of information, which is the basic objective of the Act." H.Rep. No. 93-876, 93rd Cong., 2d Sess. (1974), U.S. Code Cong. and Admin. News, p. 6267. As the House committee put it succinctly: "excessive delay by the agency in its response is often tantamount to denial. It is the intent of the bill that the affected agencies be required to respond to inquiries within specific time limits." Id. at 6271. *See also Hayden v. DOJ*, 413 F. Supp. 1285, 1288 (D.D.C. 1976).

15.   "Inadequate staff, insufficient funding or a great number of requests are not within the meaning of "exceptional circumstances" as that language is used in the statutenor were they within the contemplation of its framers as evidenced by the legislative history." *Hamlin v. Kelley*, 433 F.Supp. 180, 182 (N.D.Ill. 1977).

16.   The U.S. district courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of an agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Facts

17.   For 84 years, the Town of East Hampton, New York has owned and operated East Hampton Airport (HTO) as a public facility servicing the East End of Long Island. However, in recent years, the Town has made efforts to impose restrictions on operations at the airport, despite ongoing federal obligations which require the facility to be publicly accessible. *See, e.g., Friends of the East Hampton Airport, Inc. v. Town of East Hampton, New York*, 841 F.3d 133 (2d Cir. 2016).

18.   Since 2020, the Town of East Hampton, in apparent consultation with certain renegade FAA officials, has concocted a new scheme by which to impose restrictions at the airport. Supposedly, by closing the airport for 33 hours, the Town can "extinguish" federal statutory obligations that require the facility to be publicly-accessible and otherwise set standards for its operation, including but not limited to the mandates of 49 U.S.C. §§ 47524, 40103(e), and 47133(a).

6

19.    The Town of East Hampton's actions have been challenged in multiple forums, and temporary restraining orders implemented in the three state cases identified *supra* in footnote 1 currently prevent it from closing or otherwise imposing restrictions at the airport. However, certain changes nevertheless have occurred, including the renaming of the facility as East Hampton Town Airport (JPX).

20.    Plaintiff, via its counsel, has submitted multiple FOIA requests to FAA for documents relevant to the Town of East Hampton's actions, including documents identified in, but not provided in, litigation or administrative proceedings, as well as documents otherwise relevant to litigation or administrative proceedings. FAA has fulfilled some of those requests. Some other requests have been acknowledged by FAA and an extension of the deadline for a response requested, to which Plaintiff has agreed. But some requests have not been acknowledged by FAA, or to the extent they have been acknowledged, FAA has neither fulfilled them nor requested an extension, or otherwise explained its inaction, despite repeated outreach by Plaintiff. It is that last category of requests which is presently at issue in this Complaint.

21.    However, should FAA fail to comply with FOIA for certain other requests that are currently pending – acknowledged by FAA but not yet fulfilled (*see supra* ¶ 20) – Plaintiff reserves the right to amend/supplement this Complaint to incorporate them also, pursuant to Fed. Rule Civ. Pro. 15. *See also Powell v. IRS*, 263 F.Supp.3d 5 (D.D.C. 2017).

### a) <u>Elliott Black Airport Correspondence FOIA Request</u>

22.     On May 1, 2022, Plaintiff submitted a request to FAA headquarters for records (the "May 1, 2022 Request") as previously stated in ¶ 2(a). A copy of the May 1, 2022 Request is attached hereto as <u>Exhibit 1</u>.

23.     On June 6, 2022, having received no acknowledgement or response to the May 1, 2022 Request or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "June 6, 2022 Inquiry"). A copy of the June 6, 2022 Inquiry is attached hereto as <u>Exhibit 2</u>.

24.     On June 27, 2022, still having received no acknowledgement or response to the May 1, 2022 Request or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "June 27, 2022 Inquiry"). A copy of the June 27, 2022 Inquiry is attached hereto as <u>Exhibit 3</u>.

25.     On July 12, 2022, still having received no acknowledgement or response to the May 1, 2022 Request or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "July 12, 2022 Inquiry"). A copy of July 12, 2022 Inquiry is attached hereto as <u>Exhibit 4</u>.

26.     On July 13, 2022, FAA responded to the July 12, 2022 Inquiry and stated that it had been assigned for action under no. FAA-2022-08956 (the "July 13, 2022 Response"). A copy of the July 13, 2022 Response is attached hereto as <u>Exhibit 5</u>.

27.    On July 29, 2022, having received no further acknowledgement or response concerning the May 1, 2022 Request, Plaintiff submitted a status inquiry to FAA (the "First July 29, 2022 Inquiry"). A copy of the First July 29, 2022 Inquiry is attached hereto as Exhibit 6.

28.    On July 29, 2022, FAA responded to the First July 29, 2022 Inquiry and asserted that the May 1, 2022 Request was duplicative of other requests that had been submitted to FAA and requested clarification as to "the information you are requesting in the subject request that is not covered in the requests listed below" (the "July 29, 2022 Response"). A copy of the July 29, 2022 Response is attached hereto as Exhibit 7.

29.    Although the seven other requests listed by FAA overlapped in part with the May 1, 2022 Request, they were not duplicative with the May 1, 2022 Request; they requested documents regarding specific airports identified by Elliott Black in correspondence with the Town of East Hampton, New York, but not the actual correspondence. Copies of those requests are attached as Exhibits 8-14.

30.    On July 30, 2022, Plaintiff replied to the July 29, 2022 Response, identifying the elements of the May 1, 2022 Request that were not duplicative of the other requests identified by FAA (the "July 30, 2022 Reply"). A copy of the July 30, 2022 Reply is attached hereto as Exhibit 15.

31.    On August 2, 2022, FAA sent an additional response to Plaintiff, also asserting that the May 1, 2022 Request was duplicative of other requests that had been submitted to FAA and stating that it "will be closed unless clarification is provided that clarifies the difference in the request" (the "August 2, 2022 Response). A copy of the August 2, 2022 Response is attached hereto as Exhibit 16.

32.    On August 2, 2022, Plaintiff replied to the August 2, 2022 Response, identifying the elements of the May 1, 2022 Request that were not duplicative of the other requests identified by FAA (the "August 2, 2022 Reply"). A copy of the August 2, 2022 Reply is attached hereto as Exhibit 17.

33.    On September 2, 2022, having received no further acknowledgement or response concerning the May 1, 2022 Request, or its other communications, Plaintiff submitted a status inquiry to FAA (the "First September 2, 2022 Inquiry"). A copy of the First September 2, 2022 Inquiry is attached hereto as Exhibit 18.

34.    On September 23, 2022, a draft of this Complaint (including the substance of what is now submitted as count I) was sent to FAA, asking that the agency by October 7, 2022 establish a timetable to fulfill this and other outstanding FOIA requests (the "September 23, 2022 Inquiry"). A copy of the September 23, 2022 Inquiry (enclosure omitted), is attached hereto as Exhibit 19.

35.    On September 29, 2022, FAA responded to the September 23, 2022 Inquiry and requested copies of the exhibits associated with the draft Complaint (the

"September 29, 2022 Response"). A copy of the September 29, 2022 Response is attached hereto as Exhibit 20.

36.    On September 30, 2022, Plaintiff replied to the September 29, 2022 Response, providing the exhibits associated with the draft Complaint. A copy of the September 30, 2022 Reply (enclosure omitted) is attached hereto as Exhibit 21.

37.    FAA has provided no further response, substantive or otherwise, to the May 1, 2022 Request or associated communications. FAA has not requested an extension of time, additional information, or clarification from Plaintiff.

**b) East Hampton Airport Agreements FOIA Request**

38.    On June 14, 2022, Plaintiff submitted a request to FAA headquarters for records (the "June 14, 2022 Request") as previously stated in ¶ 2(b). A copy of the June 14, 2022 Request is attached hereto as Exhibit 22.

39.    The June 14, 2022 Request had its genesis in a prior FOIA request that had been submitted to the eastern region of FAA on May 5, 2022 (the "May 5, 2022 Request"). A copy of the May 5, 2022 Request is attached hereto as Exhibit 23.

40.    Although a response was provided to the May 5, 2022 Request on June 6, 2022, it did not include all of the documents within the scope of the May 5, 2022 Request – in particular, it did not provide any finalized agreements between the Town of East Hampton, New York and FAA. On June 8, 2022, an inquiry was sent

to FAA about those absent documents (the "June 8, 2002 Inquiry"). A copy of the June 8, 2022 Inquiry is attached hereto as Exhibit 24.

41.     On June 8, 2022, the FAA eastern region sent a response to the Plaintiff, stating that the finalized agreements "are between other offices in the FAA and the airport sponsor" (the "June 8, 2022 Response"). A copy of the June 8, 2022 Response is attached hereto as Exhibit 25. Subsequently, the Plaintiff filed the June 14, 2022 Request, in order to seek the finalized agreements from other FAA offices.

42.     On July 29, 2022, having received no acknowledgement or response to the June 14, 2022 Request or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second July 29, 2022 Inquiry"). A copy of the Second July 29, 2022 Inquiry is attached hereto as Exhibit 26.

43.     On August 1, 2022, FAA responded to the Second July 29, 2022 Inquiry and stated that, in regard to the June 14, 2022 Request, there would be "[m]ore information to come" about it (the "August 1, 2022 Response"). A copy of the August 1, 2022 Response is attached hereto as Exhibit 27.

44.     On September 2, 2022, having received no further acknowledgement or response concerning the June 14, 2022 Request, or its other communications, as well as certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second September 2, 2022 Inquiry"). A copy of the Second September 2, 2022 Inquiry is attached hereto as Exhibit 28.

45.    On September 22, 2022, FAA responded to the Second September 2, 2022 Inquiry, stating that "[t]he FAA's response (dated June 6, 2022) to your May 5, 2022 FOIA, states that other offices may have additional documents. However, there are no other FAA offices that have any responsive documents" and that "the FOIA response dated June 6, 2022 is the only and final response to your FOIA request" (the "September 22, 2022 Response"). A copy of the September 22, 2022 Response is attached hereto as Exhibit 29.

46.    On September 23, 2022, Plaintiff replied to the September 22, 2022 Response, requesting clarification because responsive documents existed but had not been provided, given that the Town of East Hampton, New York previously had represented that "reimbursable agreements with the FAA to pay for services that were previously federally funded" and "letters of agreement with TRACON (N90)" existed (the "September 23, 2022 Reply"). A copy of the September 23, 2022 Reply is attached hereto as Exhibit 30. The document in which the Town made those representations – a May 9, 2022 letter in *Doupe Services, LLC d/b/a Curtis Air Taxi and Jobs Lane Aviation, LLC v. Town of East Hampton, New York*, FAA Docket No. 16-22-05 – is attached hereto as Exhibit 31.

47.    On September 27, 2022, Plaintiff further replied to the September 22, 2022 Response, requesting clarification because responsive documents existed but had not been provided, given that the regional administrator of the FAA eastern

region had represented that "Air Traffic Control (N90) has been trained and the Letter of Agreement (LOA) between the Town and the FAA has been developed and signed for the Airport (JPX)" (the "September 27, 2022 Reply"). A copy of the September 27, 2022 Reply is attached hereto as Exhibit 32. The document in which the regional administrator made those representations – a May 17, 2022 letter to the Town of East Hampton, New York – is attached hereto as Exhibit 33.

48.    On September 23, 2022, a draft of this Complaint (although not including the substance of what is now submitted as count II) was sent to FAA, asking that the agency by October 7, 2022 establish a timetable to fulfill certain other outstanding FOIA requests (the "September 23, 2022 Inquiry"). A copy of the September 23, 2022 Inquiry (enclosure omitted), is attached hereto as Exhibit 19.

49.    On September 29, 2022, FAA responded to the September 23, 2022 Inquiry and requested copies of the exhibits associated with the draft Complaint (the "September 29, 2022 Response"). A copy of the September 29, 2022 Response is attached hereto as Exhibit 20.

50.    On September 30, 2022, Plaintiff replied to the September 29, 2022 Response, providing the exhibits associated with the draft Complaint, and also asking that FAA take notice of the issues discussed in the September 23, 2022 Reply and the September 27, 2022 Reply, issues which are now addressed in count II of

this Complaint. A copy of the September 30, 2022 Reply (enclosure omitted) is attached hereto as Exhibit 21.

51.    FAA has provided no further response, substantive or otherwise, to the June 14, 2022 Request or associated communications. FAA has not requested an extension of time, additional information, or clarification from Plaintiff.

**c) East Hampton Airport Procedures FOIA Requests**

52.    On June 17, 2022, Plaintiff submitted substantively similar requests to FAA headquarters, its eastern region, and its eastern air traffic organization for records (the "June 17, 2022 Requests") as previously stated in ¶ 2(c). Copies of the June 17, 2022 Requests are attached hereto as Exhibits 34-36.

53.    On July 29, 2022, having received no acknowledgement or response to the June 17, 2022 Requests or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second July 29, 2022 Inquiry"). A copy of the Second July 29, 2022 Inquiry is attached hereto as Exhibit 26.

54.    On August 1, 2022, FAA responded to the Second July 29, 2022 Inquiry and stated that, in regard to the June 17, 2022 Requests, a response had been sent on July 5, 2022 and that it had been assigned for action under no. FAA-2022-08400 (the "August 1, 2022 Response"). A copy of the August 1, 2022 Response is attached hereto as Exhibit 27.

55.    On August 1, 2022, Plaintiff replied to the August 1, 2022 Response, explaining that the FOIA request that has been assigned for action under no. FAA-2022-08400 was a different request also submitted on June 17, 2022 and that the request regarding East Hampton Airport procedures remained outstanding (the "August 1, 2022 Reply"). A copy of the August 1, 2022 Reply is attached hereto as Exhibit 37.

56.    On September 2, 2022, having received no further acknowledgement or response concerning the June 17, 2022 Requests, or its other communications, as well as certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second September 2, 2022 Inquiry"). A copy of the Second September 2, 2022 Inquiry is attached hereto as Exhibit 28.

57.    On September 23, 2022, a draft of this Complaint (including the substance of what is now submitted as count III) was sent to FAA, asking that the agency by October 7, 2022 establish a timetable to fulfill this and other outstanding FOIA requests (the "September 23, 2022 Inquiry"). A copy of the September 23, 2022 Inquiry (enclosure omitted), is attached hereto as Exhibit 19.

58.    On September 29, 2022, FAA responded to the September 23, 2022 Inquiry and requested copies of the exhibits associated with the draft Complaint (the "September 29, 2022 Response"). A copy of the September 29, 2022 Response is attached hereto as Exhibit 20.

59.     On September 30, 2022, Plaintiff replied to the September 29, 2022 Response, providing the exhibits associated with the draft Complaint. A copy of the September 30, 2022 Reply (enclosure omitted) is attached hereto as Exhibit 21.

60.     On October 7, 2022, FAA responded to the September 30, 2022 Reply and acknowledged receipt of the June 17, 2022 Requests – more than three months after they had been submitted – and assigned them for action under no. FAA-2023-00236, but failed to provide a timetable to fulfill them (the "First October 7, 2022 Response" and "Second October 7, 2022 Response"). The First October 7, 2022 Response is attached hereto as Exhibit 38. The Second October 7, 2022 Response is attached hereto as Exhibit 39.

61.     FAA has provided no further response, substantive or otherwise, to the June 17, 2022 Requests or associated communications. FAA has not requested an extension of time, any further additional information, or any further clarification from Plaintiff.

**d)  East Hampton Correspondence FOIA Requests**

62.     On June 22, 2022, Plaintiff submitted substantively similar requests to FAA headquarters and its eastern region for records (the "June 22, 2022 Requests") as previously stated in ¶ 2(d). Copies of the June 22, 2022 Requests are attached hereto as Exhibits 40-41.

63.    On July 29, 2022, having received no acknowledgement or response to the June 22, 2022 Requests or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second July 29, 2022 Inquiry"). A copy of the Second July 29, 2022 Inquiry is attached hereto as Exhibit 26.

64.    On August 1, 2022, FAA responded to the Second July 29, 2022 Inquiry and stated that, in regard to the June 22, 2022 Requests, there would be "[m]ore information to come" about them (the "August 1, 2022 Response"). A copy of the August 1, 2022 Response is attached hereto as Exhibit 27.

65.    On September 2, 2022, having received no further acknowledgement or response concerning the June 22, 2022 Requests, or its other communications, as well as certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second September 2, 2022 Inquiry"). A copy of the Second September 2, 2022 Inquiry is attached hereto as Exhibit 28.

66.    On September 23, 2022, a draft of this Complaint (including the substance of what is now submitted as count IV) was sent to FAA, asking that the agency by October 7, 2022 establish a timetable to fulfill this and other outstanding FOIA requests (the "September 23, 2022 Inquiry"). A copy of the September 23, 2022 Inquiry (enclosure omitted), is attached hereto as Exhibit 19.

67.    On September 29, 2022, FAA responded to the September 23, 2022 Inquiry and requested copies of the exhibits associated with the draft Complaint (the

"September 29, 2022 Response"). A copy of the September 29, 2022 Response is attached hereto as Exhibit 20.

68.     On September 30, 2022, Plaintiff replied to the September 29, 2022 Response, providing the exhibits associated with the draft Complaint. A copy of the September 30, 2022 Reply (enclosure omitted) is attached hereto as Exhibit 21.

69.     On October 7, 2022, FAA responded to the September 30, 2022 Reply and acknowledged receipt of the June 22, 2022 Requests – more than three months after they had been submitted – and assigned them for action under no. FAA-2023-00231, but failed to provide a timetable to fulfill them (the "First October 7, 2022 Response" and the "Third October 7, 2022 Response"). The First October 7, 2022 Response is attached hereto as Exhibit 38. The Third October 7, 2022 Response is attached hereto as Exhibit 42.

70.     FAA has provided no further response, substantive or otherwise, to the June 22, 2022 Requests or associated communications. FAA has not requested an extension of time, additional information, or clarification from Plaintiff.

**e)  East Hampton Airspace Filings FOIA Requests**

71.     On June 24, 2022, Plaintiff submitted overlapping but separate requests to FAA headquarters and its eastern region for records (the "June 24, 2022 Requests") as previously stated in ¶ 2(e). Copies of the June 24, 2022 Requests are attached hereto as Exhibits 43-44.

72.    On July 29, 2022, having received no acknowledgement or response to the June 24, 2022 Requests or certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second July 29, 2022 Inquiry"). A copy of the Second July 29, 2022 Inquiry is attached hereto as Exhibit 26.

73.    On August 1, 2022, FAA responded to the Second July 29, 2022 Inquiry and stated that, in regard to the June 24, 2022 Requests, there would be "[m]ore information to come" about them (the "August 1, 2022 Response"). A copy of the August 1, 2022 Response is attached hereto as Exhibit 27.

74.    On September 2, 2022, having received no further acknowledgement or response concerning the June 24, 2022 Requests, or its other communications, as well as certain other FOIA requests, Plaintiff submitted a status inquiry to FAA (the "Second September 2, 2022 Inquiry"). A copy of the Second September 2, 2022 Inquiry is attached hereto as Exhibit 28.

75.    On September 23, 2022, a draft of this Complaint (including the substance of what is now submitted as count V) was sent to FAA, asking that the agency by October 7, 2022 establish a timetable to fulfill this and other outstanding FOIA requests (the "September 23, 2022 Inquiry"). A copy of the September 23, 2022 Inquiry (enclosure omitted), is attached hereto as Exhibit 19.

76.    On September 29, 2022, FAA responded to the September 23, 2022 Inquiry and requested copies of the exhibits associated with the draft Complaint (the

"September 29, 2022 Response"). A copy of the September 29, 2022 Response is attached hereto as Exhibit 20.

77.    On September 30, 2022, Plaintiff replied to the September 29, 2022 Response, providing the exhibits associated with the draft Complaint. A copy of the September 30, 2022 Reply (enclosure omitted) is attached hereto as Exhibit 21.

78.    On October 7, 2022, FAA responded to the September 30, 2022 and acknowledged receipt of the June 17, 2022 Requests – more than three months after they had been submitted – and assigned them for action under nos. FAA-2023-00235 and FAA-2023-00233, but failed to provide a timetable to fulfill them (the "First October 7, 2022 Response", the "Fourth October 7, 2022 Response", and the "Fifth October 7, 2022 Response"). The First October 7, 2022 Response is attached hereto as Exhibit 38. The Fourth October 7, 2022 Response is attached hereto as Exhibit 45. The Fifth October 7, 2022 Response is attached hereto as Exhibit 46.[2]

79.    FAA has provided no further response, substantive or otherwise, to the June 24, 2022 Requests or associated communications. FAA has not requested an extension of time, additional information, or clarification from Plaintiff.

### Count I – Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records – May 1, 2022 Request

1.    Plaintiff incorporates by reference and realleges the paragraphs above.

---

[2] Although this email purports to have a letter attached, no attachment was actually received by Plaintiff.

2.      Defendant FAA has wrongfully withheld agency records requested by Plaintiff by failing to respond to its request within the statutory deadlines.

3.      Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies because FAA has failed to comply with the applicable time limits of FOIA.

4.      Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested records.

### Count II – Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records – June 14, 2022 Request

5.      Plaintiff incorporates by reference and realleges the paragraphs above.

6.      Defendant FAA has wrongfully withheld agency records requested by Plaintiff by failing to respond to its request within the statutory deadlines.

7.      Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies because FAA has failed to comply with the applicable time limits of FOIA.

8.      Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested records.

### Count III – Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records – June 17, 2022 Requests

9.      Plaintiff incorporates by reference and realleges the paragraphs above.

10.    Defendant FAA has wrongfully withheld agency records requested by Plaintiff by failing to respond to its requests within the statutory deadlines.

11.    Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies because FAA has failed to comply with the applicable time limits of FOIA.

12.    Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested records.

### Count IV – Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records – June 22, 2022 Requests

13.    Plaintiff incorporates by reference and realleges the paragraphs above.

14.    Defendant FAA has wrongfully withheld agency records requested by Plaintiff by failing to respond to its requests within the statutory deadlines.

15.    Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies because FAA has failed to comply with the applicable time limits of FOIA.

16.    Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested records.

### Count V – Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records – June 24, 2022 Requests

17.    Plaintiff incorporates by reference and realleges the paragraphs above.

18.     Defendant FAA has wrongfully withheld agency records requested by Plaintiff by failing to respond to its requests within the statutory deadlines.

19.     Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted its administrative remedies because FAA has failed to comply with the applicable time limits of FOIA.

20.     Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested records.

## Request for Relief

WHEREFORE, Plaintiff prays that this Court enter judgment:

A.     Declaring that Defendant violated FOIA by failing to make a final determination as to whether it will comply with Plaintiff's FOIA requests within the statutory prescribed time, failing to immediately notify Plaintiff of such determination, and failing to produce non-exempt records responsive to Plaintiff's request by the statutory deadline;

B.     Ordering Defendant to disclose all responsive, non-exempt records by a date certain, without further delay, under 28 U.S.C. § 1657(a);

C.     Awarding Plaintiff its reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412(d), and;

D.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

Jol A. Silversmith, Esq.
Barbara M. Marrin, Esq.
KMA Zuckert, LLC
888 17th Street, N.W., Suite 700
Washington, DC 20006
(202) 298-8660
jsilversmith@kmazuckert.com
bmarrin@kmazuckert.com