UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS DOUPE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 22-3076 (JMC) |
| | ) |
| FEDERAL AVIATION ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DEREK S. HAMMOND, D.C. Bar # 1017784
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2511
Derek.Hammond@usdoj.gov

Dated: November 25, 2022                *Attorneys for the United States of America*

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

BACKGROUND ........................................................................................................................ 1

STANDARD............................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

CONCLUSION.......................................................................................................................... 5

# TABLE OF AUTHORITIES

*Ameen v. Dep't of State*,
    Civ. A. No. 21-1399 (BAH), 2021 WL 4148532 (D.D.C. Sept. 13, 2021) ............................... 2

*Brown v. District of Columbia*,
    514 F.3d 1279 (D.C. Cir. 2008) ............................................................................................. 1

*Feinman v. FBI*,
    680 F. Supp. 2d 169 (D.D.C. 2010) .................................................................................... 2, 3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................................. 2

*Maloney v. Murphy*,
    984 F.3d 50 (D.C. Cir. 2020) ............................................................................................... 3

*MAXXAM Inc. v. FDIC*,
    Civ. A. No. 98–0989, 1999 WL 33912624 ............................................................................ 4

*McDonnell v. United States*,
    4 F.3d (3d Cir. 1993) ....................................................................................................... 3, 4

*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936) ............................................................................................................. 2

*Military Audit Project v. Casey*,
    656 F.2d 724 ....................................................................................................................... 2

*Osterman v. U.S. Army Corps of Engineers*,
    No. CV13 -1787- BJR, 2014 WL 5500396 (W.D. Wash. Oct. 30, 2014) ................................ 4

*Prisology, Inc. v. Fed. Bureau of Prisons*,
    852 F.3d 1114 (D.C. Cir. 2017) ............................................................................................ 3

*Rann v. Chao*,
    154 F. Supp. 2d 61 (D.D.C. 2001) ........................................................................................ 1

*Scolaro v. D.C. Bd. of Elections & Ethics*,
    104 F. Supp. 2d 18 (D.D.C. 2000) ........................................................................................ 1

*Smallwood v. Dep't of Just.*,
    266 F. Supp. 3d 217 (D.D.C. 2017) ................................................................................... 3, 4

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ......................................................................................................... 2

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) ..................................................................................................... 2

*Three Forks Ranch Corp. v. Bureau of Land Mgmt.,*
   358 F. Supp. 2d 1 (D.D.C. 2005) ............................................................................. 3

*Wetzel v. Dep't of Veterans,*
   *Affs.*, 949 F. Supp. 2d 198 (D.D.C. 2013) ........................................................... 2, 3

*Zivotofsky ex rel. Ari Z. v. Sec'y of State,*
   444 F.3d 614 (D.C. Cir. 2006) .................................................................................. 3

Statutes

5 U.S.C. § 552 ................................................................................................................. 1

5 U.S.C. § 552(a)(3)(A) ................................................................................................... 2

5 U.S.C. § 552(a)(6)(A)(i) .............................................................................................. 3

Rules

Federal Rule of Civil Procedure 12(b)(1) ...................................................................... 1

Plaintiffs Curtis Doupe and Doupe Services, LLC (d/b/a Curtis Air Taxi) bring this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of agency records by Defendant Federal Aviation Administration ("FAA" or the "Agency").  Plaintiffs, however, lack standing to sue under FOIA because they did not make the FOIA requests at issue in this litigation. Accordingly, the Court should grant Defendant's motion and dismiss Plaintiffs' Complaint.

## BACKGROUND

Between May 2022 and August 2022, Jol A. Silversmith, an attorney with KMA Zuckert LLC, submitted a series of FOIA requests to the FAA relating to airports and the Town of East Hampton, New York.  *See* Am. Compl. ¶¶ 22, 38, 52, 62, 71, 80, 97, 108; *id.* at Exs. 1, 22, 34-36, 40-41, 43-44, 47-48, 61-62, 72.  In these requests, Mr. Silversmith does not state that he is seeking these records on behalf of Plaintiffs, nor are Plaintiffs even mentioned in those documents.  *See id.* at Exs. 1, 22, 34-36, 40-41, 43-44, 47-48, 61-62, 72.  Nevertheless, Plaintiffs filed this lawsuit on October 11, 2022, and amended their Complaint on November 10, 2022, in which they seek to compel FAA's response to these requests.

## STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a claim must be dismissed if a district court lacks jurisdiction to entertain the claim.  In deciding a motion under Rule 12(b)(1), a court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the plaintiff, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), but courts are "not required . . . to accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations," *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). Further, the "court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Bd. of*

*Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).  Ultimately, the plaintiff bears the burden of establishing the Court's jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936), and, where jurisdiction does not exist, "the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## ARGUMENT

Plaintiffs lack standing to sue under FOIA and therefore the Court lacks subject matter jurisdiction over this case.  "The standing doctrine stems from Article III" of the Constitution, which limits federal judicial power "to cases and controversies."  *Wetzel v. Dep't of Veterans Affs.*, 949 F. Supp. 2d 198, 201 (D.D.C. 2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).  Under that doctrine, to proceed with a case in federal court, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560-61).  Here, Plaintiffs did not submit the FOIA requests at issue and therefore they have not suffered any injury in fact.

"Although the identity of the requester is generally immaterial to the exercise of the rights provided by [FOIA], the nature of an entity *suing* under the FOIA is not without relevance."  *Feinman v. FBI*, 680 F. Supp. 2d 169, 173 (D.D.C. 2010) (citing *Military Audit Project v. Casey*, 656 F.2d 724, 730 n. 11 (D.C. Cir. 1981)) (internal quotation marks omitted) (emphasis in original).  FOIA provides that "each agency, upon any request for records" that is sufficiently specific and made in accordance with published procedures for submitting such requests, "shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).  "An agency's duties under FOIA are triggered by a properly framed request for information, and the agency's obligations flowing from that request are with respect to 'the requester' of the information." *Ameen v. Dep't of State*, Civ. A. No. 21-1399 (BAH), 2021 WL 4148532, at *3 (D.D.C. Sept. 13,

2021); *see also* 5 U.S.C. § 552(a)(6)(A)(i) (requiring agency to notify "the person making [the] request" whether the agency will comply with the request).   Thus, in the context of FOIA, "anyone whose request for specific information has been denied has standing to bring an action [under FOIA]." *Maloney v. Murphy*, 984 F.3d 50, 60 (D.C. Cir. 2020) (quoting *Zivotofsky ex rel. Ari Z. v. Sec'y of State*, 444 F.3d 614, 617 (D.C. Cir. 2006)).  Such a person "has suffered a particularized injury because he has requested and been denied information Congress gave him a right to receive." *Prisology, Inc. v. Fed. Bureau of Prisons*, 852 F.3d 1114, 1117 (D.C. Cir. 2017).

 "But if a party has not made a request within the meaning of FOIA, then he does not have standing to bring a lawsuit." *Wetzel*, 949 F. Supp. 2d at 202 (citing *McDonnell v. United States*, 4 F.3d at 1227, 1236-39 (3d Cir. 1993); *Feinman*, 680 F. Supp. at 172.  And, while "an attorney may make a FOIA request on behalf of a client," the "attorney 'must clearly indicate that it is being made on behalf of the [client] to give that [client] standing to bring a FOIA challenge.'" *Smallwood v. Dep't of Just.*, 266 F. Supp. 3d 217, 220 (D.D.C. 2017) (quoting *Three Forks Ranch Corp. v. Bureau of Land Mgmt.*, 358 F. Supp. 2d 1, 2 (D.D.C. 2005)).  "Consistent with this principle, courts routinely dismiss FOIA cases for lack of standing by a plaintiff where plaintiff's counsel submitted a request without including the plaintiff's name or clearly indicating that the request was being filed on the plaintiff's behalf." *Wetzel*, 949 F. Supp. 2d at 202  (collecting cases); *see also Smallwood*, 266 F. Supp. 3d at 220 ("[C]ourts routinely dismiss FOIA suits where an attorney filed the initial request without indicating that the request was made on behalf of the plaintiff." (collecting cases)).

 Here, Plaintiffs lack standing to sue under FOIA because they are not the requesters—Mr. Silversmith is.  In each request, Mr. Silversmith states that "I"—meaning Mr. Silversmith— "request that a copy of the following documents (or documents containing the following

information be provided to me[.]"  Am. Compl. at Exs. 1, 22, 34-36, 40-41, 43-44, 47-48, 61-62, 72.  And nowhere in his requests does he claim to be seeking the information on behalf of Plaintiffs. *See id.*  Because the requests do not "clearly indicate" that the requests were being made on behalf of Plaintiffs, Plaintiffs are not the requesters.  *See Smallwood*, 266 F. Supp. 3d at 220; *See McDonnell v. United States*, 4 F.3d 1227, 1237 (3rd Cir.1993) ("a person whose name does not appear on a request for records has not made a formal request within the meaning of the statute. Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents, . . . or notice of an agency's decision to withhold the documents. . . ."); *MAXXAM Inc. v. FDIC*, Civ. A. No. 98–0989, 1999 WL 33912624 at *2 n. 1 (D.D.C. Jan. 29, 1999) (stating that where an attorney did not adequately identify his representation of the client, the attorney was the "real party in interest"); *Osterman v. U.S. Army Corps of Engineers*, No. CV13 -1787- BJR, 2014 WL 5500396, at *3 (W.D. Wash. Oct. 30, 2014) ("there is nothing unusual about an attorney or a law firm making a FOIA request in their own right concerning a client matter . . . [and] it is irrelevant, both practically and legally, that the attorney may not have a personal interest in the requested documents or that the identity of the attorney's client is either known to or knowable by the agency from the nature of the request.").

In sum, because Plaintiffs have "not made a formal request within the meaning of the statute" they lack standing to sue.

\*      \*      \*

**CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss.

Dated:  November 25, 2022
            Washington, DC

                                                    Respectfully submitted,

                                                    MATTHEW M. GRAVES, D.C. Bar #481052
                                                    United States Attorney

                                                    BRIAN P. HUDAK
                                                    Chief, Civil Division


                                                    By:  _____*/s/ Derek S. Hammond*_____
                                                            DEREK S. HAMMOND
                                                            D.C. Bar # 1017784
                                                            Assistant United States Attorney
                                                            601 D Street, NW
                                                            Washington, DC 20530
                                                            202-252-2511
                                                            Derek.Hammond@usdoj.gov

                                                    *Attorneys for the United States of America*